# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1927V
(not to be published)

| | |
|---|---|
| KIMBERLY SMYTH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 8, 2019<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on November 25, 2016. (Petition at 1). On April 25, 2019, a decision was issued by then-Chief Special Master Dorsey, awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

Petitioner has now filed a motion for attorney's fees and costs, dated October 22, 2019, (ECF No. 42), requesting a total award of $26,793.32 (representing $25,153.80 in

---

[1] Although I have not designated this Decision for publication, it will be made availabl39.53e on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

fees and $1,639.52 in costs). In accordance with General Order #9, counsel for Petitioner's counsel filed a signed statement that Petitioner has incurred no out-of-pocket expenses. (*Id.* at 2).   Respondent did not file a response thereafter.

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorneys' fees and costs. I award a total of **$26,793.32** (representing $25,153.80 in attorney's fees and $1,639.52 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his/her counsel, Leah VaSahnja Durant, Esq.  In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.